IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Karim Abdullah Hasan, | ) | Case No.: 9:20-cv-04271-JD-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| S.W. Phelps, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  This matter is before the Court with the Report and Recommendation of United States Magistrate Molly H. Cherry ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Petitioner Karim Abdullah Hasan ("Hasan" or "Petitioner"), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Plaintiff is incarcerated at Federal Correctional Institution Edgefield ("FCI Edgefield").

  Hasan filed this Petition against S.W. Phelps ("Phelps" or "Respondent") seeking habeas relief pursuant to 28 U.S.C. § 2241, asserting that the Bureau of Prisons ("BOP") miscalculated his sentence by failing to award jail credit as ordered by the sentencing court. The Petitioner contends that on September 14, 2015, in the United States District Court for the Eastern District of Tennessee, he was sentenced to 192 months imprisonment to run concurrently with his state

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

sentences. (DE 1, pp. 6–7.) Petitioner requests that the BOP correct his sentence by giving him jail credits for the three and one-half years he was in state custody. (DE 1, p. 7.)

On February 12, 2021, Phelps filed a Motion for Summary Judgment alleging *inter alia* that Petitioner failed to exhaust administrative remedies before seeking federal court review. (DE 17.) The Magistrate issued a Roseboro Order on February 6, 2021, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. (DE 18.) On March 18, 2021, Petitioner filed a Response in Opposition alleging he had exhausted his administrative remedies. (DE 19.)

On July 8, 2021, the Magistrate Judge issued the Report recommending that Respondent's Motion for Summary Judgment be granted, and Petitioner's claim be dismissed for failure to exhaust administrative remedies. (DE 21.)

The Petitioner filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Respondent's Motion for Summary Judgment (DE 17) is granted, and Petitioner's Petition for Writ of Habeas Corpus is dismissed.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

3

AND IT IS SO ORDERED.

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 17, 2021

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.